FLORENCE O. R. LANG AND WALTER KIDDE, EXECUTORS OF THE ESTATE OF HENRY LANG, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket 71117.   Promulgated April 30, 1935.

W. O. *Morgan, Esq.*, and *James C. Rogers, Esq.*, for the petitioners.

*Wm. E. Davis, Esq.*, and *C. P. Reilly, Esq.*, for the respondent.

OPINION.

MORRIS: The respondent having determined a deficiency in estate tax of $16,867.83, the petitioners bring this proceeding for the redetermination thereof, alleging error by reason of the refusal of the respondent to permit the credit provided for in section 301 (b) of the Revenue Act of 1926 for the amount of the transfer inheritance tax actually paid to the State of New Jersey upon property included in the gross estate of the decedent.

An additional issue has been injected by the respondent's amended answer in which he alleges that if the Board finds for the petitioners in Dockets Nos. 71116 and 74215, that is, that the estate of this decedent is entitled to deduct $85,070.01 and $152,776.43 in the computation of net taxable income of the estate for the period November 11 to December 31, 1930, and the year 1931, then, in that event only, the Board should also find that the value of the net estate, here under consideration, for Federal estate tax purposes, should be increased by $714,803.96, i. e., from $571,695.67 to $1,286,499.63.

The petitioners are the duly appointed and acting executors of the estate of Henry Lang, deceased, who died November 10, 1930, while a resident of Montclair, New Jersey.

At the time of the death of Henry Lang, there were outstanding instruments of guaranty which he had signed during his lifetime in favor of the Chase National Bank, New York City, Corn Exchange Bank Trust Co., New York City, Bank of America, New York City, and the Standard Bank of South Africa, Ltd., New York City, upon the following obligations:

| Payee | Primary obligor | Amount |
|---|---|---|
| Chase National Bank | Monmouth Chemical Corporation | $295,310.44 |
| Do | Rendrock Powder Co | 114,433.00 |
| Do | Lang-Kidde Co | 62,808.42 |
| Corn Exchange National Trust Co | do | 136,000.00 |
| Do | American Hair & Bristle Co | 237,000.00 |
| Bank of America | Lang-Kidde Co | 251,682.16 |
| Standard Bank of South Africa, Ltd | do | 178,312.63 |
| Total | | 1,275,546.65 |

All of the foregoing obligations were unmatured on November 10, 1930.

At the time of the death of Lang, the Chase National Bank held 4,000 shares of Ingersoll-Rand Co. common stock belonging to him, which stock had been pledged by him with the said bank to secure

his own demand note held by the bank amounting to $159,751.39 with interest, and also to secure his liability as guarantor of the obligations of the above mentioned companies held by the Chase National Bank. The Corn Exchange Bank Trust Co. also held 4,000 shares of Ingersoll-Rand Co. common stock belonging to him, which stock had been pledged by him with the said bank to secure his own demand note held by that bank for $159,000 with interest, and also to secure his liability as guarantor of the obligations of the above-mentioned companies held by the Corn Exchange Bank Trust Co. The Bank of America held 1,000 shares of Ingersoll-Rand Co. common stock belonging to him, which stock had been pledged by him with the said bank to secure his liability as guarantor of the obligations of the above-mentioned companies held by the Bank of America.

The Ingersoll-Rand Co. common stock, pledged as above mentioned, totaling 9,000 shares, is included in the gross estate of the decedent as determined by the respondent for the purposes of the Federal estate tax, being so included at its market value as of the date of the death of Lang.

On the above obligations, amounting to $1,275,546.65, for which the estate of Lang was liable under the said guaranties at the time of his death, the estate paid to the banks under the guaranties, $811,152.39 in principal and $2,722.23 in interest, making $813,874.-62, and has received from the Lang-Kidde Co. and Monmouth Chemical Corporation, in partial reimbursement, $99,070.66, leaving a net payment by the estate of $714,803.96. The remainder of the guaranteed obligations existing at the time of the death of Lang have been discharged by the Lang-Kidde Co., Monmouth Chemical Corporation and Rendrock Powder Co.

The value of the net estate as finally determined by the respondent in his deficiency notice is $571,695.67 after the application of the deductions of $1,191,745.08 from the gross estate. Included in said deductions is the amount of $714,803.96 determined as hereinabove shown, which amount has been allowed by the respondent.

The net payment for guaranteed debts as above stated, amounting to $714,803.96, is made up of (1) $237,000 paid to the Corn Exchange Bank Trust Co., being the amount of the obligations of the American Hair & Bristle Co. held by the said bank and covered by the guaranty of Lang, no part of which payment has been reimbursed to the estate; and (2) $477,803.96 paid to the Chase National Bank, the Bank of America, and the Corn Exchange Bank Trust Co., being the amount of the obligations of the Lang-Kidde Co., Monmouth Chemical Corporation, and Rendrock Powder Co. held by the Chase National Bank, the Bank of America, and the Corn Exchange Bank

Trust Co. and covered by the guaranties of Lang, after deducting the amounts received in reimbursement as above stated.

The $237,000 guaranteed debt of the American Hair & Bristle Co. owing to the Corn Exchange Bank Trust Co. at the date of the death of Lang was paid by the executors of the estate, $84,874 during the period November 11 to December 31, 1930, and $152,126 during the year 1931.

Lang was a stockholder, director, and officer of each of the companies above mentioned whose obligations were guaranteed by him, at the time when the said instruments of guaranty were executed by him, and such guaranties were executed for the purpose of procuring credits for the companies from the banks above mentioned, which credits were represented by the obligations above referred to of the said companies.

The petitioners paid to the State Tax Commission of New Jersey the sum of $32,177.87 for inheritance taxes imposed by the laws of the State of New Jersey in respect of the property included in the gross estate of the decedent as determined for the purposes of the Federal estate tax imposed by section 301 of the Revenue Act of 1926 upon the transfer of the net estate of the above named decedent.

In addition to the foregoing facts the parties have stipulated the following:

* * * The executors claim that upon the making of these payments, the American Hair & Bristle Co., Inc., became indebted to the estate for the amounts of these payments, and that, as the assets of the American Hair & Bristle Co., Inc. were completely liquidated in 1929, since which time that company has had no assets, the above amounts are deductible as bad debts owing to the said estate in determining the taxable income of the estate for the above periods, which claims constitute the issues in the appeals under Docket No. 71,116 and Docket No. 74,215. It is understood, however, that the petitioner reserves an exception to the admissibility of the facts stated in this paragraph on the ground that they are immaterial and irrelevant to the issues in this case.

The respondent has denied that the petitioners are entitled to the deductions of $84,874. and $152,126. claimed in appeals under Docket Nos. 71,116 and 74,215 for income tax purposes on the ground that said amounts are proper deductions in determining the net value of the estate for estate tax purposes.

The executors admit the liability of the estate at the date of the death of Henry Lang, pursuant to the above-mentioned instruments of guaranty, for that part of the guaranteed debts as above set forth of the Lang-Kidde Company, Inc., Monmouth Chemical Corporation and Rendrock Powder Company not paid by those companies and for the whole of the guaranteed debt as above set forth owing by the American Hair & Bristle Co., Inc.

The only issue raised by the petitioners respecting the credit provided for in section 301 (b) of the Revenue Act of 1926 has been settled by stipulation entered into between the parties, which has been incorporated in our findings of fact hereinabove.

Having decided, in Docket Nos. 71116 and 74215 (*Florence O. R. Lang and Walter Kidde, Executors*, 32 B. T. A. 522), that the estate of the decedent Lang was not entitled to deduct $85,070.01 and $152,776.43 in the computation of the net taxable income of the estate for the period November 11 to December 31, 1930, and the year 1931, representing alleged bad debts, the respondent's affirmative allegation of error herein is automatically disposed of.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*